IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| FLORESCU VASILE, | : |
| Plaintiff | : |
| VS. | :     7 : 04-CV-46 (HL) |
| Warden DONALD BARROW, | : |
| Defendant. | : |

**RECOMMENDATION**

Presently pending in this § 1983 action is the defendant's Motion for Summary Judgment. The undersigned notified the plaintiff of the filing of the defendant's motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his receipt of the court's order.  As of July 27, 2005, the plaintiff has failed to respond to the defendant's motion.

In his complaint, the plaintiff alleges that defendant Barrow, Warden at Valdosta State Prison, was deliberately indifferent to a risk of serious harm posed by plaintiff's fellow inmate. Specifically, the plaintiff alleges that while he was confined at Valdosta State Prison, he requested protective custody, apparently based on threats of physical harm and sexual advances from inmate Michael Patton.  Plaintiff was not provided with protective custody, and was subsequently attacked by Patton and other inmates, who made sexual advances and struck plaintiff with a metal object.  Upon returning from receiving treatment at a local hospital, the plaintiff again requested protective custody, which he received.  Plaintiff was later transferred to

Calhoun State Prison.

*Standard of review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party, although the nonmoving party may not rest on the pleadings but must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); Van T. Junkins & Assoc. v. U.S. Industries, Inc., 736 F.2d 656, 658 (11th Cir. 1984).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir. 1991).  The defendant has supported his motion with his affidavit, wherein he maintains that the plaintiff "never informed me that Michael Patton posed any threat to [him]."

Deliberate indifference "requires that the actor recklessly ignore the medical situation in the face of information that a reasonable person would know requires action."  Howell v. Evans, 922 F.2d 712, 720 (11th Cir. 1991), *rev'd. on other grounds,* 12 F.3d 190 (1994).  The deliberate indifference standard has both a subjective and objective component; "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference." Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994). "Our cases have consistently held that knowledge of the need for medical care and an intentional refusal to provide that care constitutes deliberate indifference." Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).

The defendant's affidavit testimony establishes that he did not possess any prior knowledge or warning as to a perceived threat to the plaintiff from the inmate(s) at issue. Herein, the plaintiff has failed to bring forth any evidence indicating that the defendant possessed knowledge of an excessive risk of harm emanating from plaintiff's fellow inmates.

To the extent that the plaintiff has brought this suit against the defendant warden in his official capacity, the plaintiff's claims are without merit. A suit brought against the defendant agency is in reality a suit against the state and as such is not cognizable under § 1983. Will v. Michigan Dep't. of State Police, 491 U.S. 58 (1989).

Accordingly, it is the recommendation of the undersigned that the defendant's Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 1st day of August, 2005.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb